IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHARON ELAINE ALLEN HOLMES,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF UTAH (Department of Workforce Services),<br><br>        Defendant. | Case No. 1:07 cv 103 DB<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

Before the Court is Defendant's motion to dismiss.[1] Defendant argues that Plaintiff's Complaint should be dismissed for two reasons. First, Plaintiff has failed to offer proof of service to the Court and Defendant does not have a copy of the Summons and Proof of Service in violation of Rule 4.[2] Second, Plaintiff has failed to state a cause of action for retaliation against Defendant because Plaintiff has "failed to establish any causal connection between her protected activity and the claimed retaliatory action."[3] Finally, the Court notes that Plaintiff has failed to oppose the motion brought by Defendant and the time to do so has passed.[4] For the reasons outlined below the Court recommends that this case be DISMISSED for failure to prosecute and that Defendant's motion to dismiss be granted.

---

[1] Docket no. 4.
[2] *See* Fed. R. Civ. P. 4.
[3] Mtn. p. 5.
[4] *See* DuCivR 7-1; 56-1(b) (stating that "A memorandum opposing a motion [to dismiss] must be filed within thirty (30) days after service of the motion or within such extended time as allowed by the court.").

Plaintiff Sharon Holmes has failed to file any opposition to Defendant's motion and the time to do so has passed.  Local rule 7-1(b)(3) governs the time frame for opposing motions and it provides an exception that extends the time frame for opposing motions to dismiss.  "A memorandum opposing a motion [to dismiss] must be filed within thirty (30) days after service of the motion or within such time as allowed by the court."[5]  Defendants filed their motion to dismiss on December 6, 2007.  The deadline to oppose Defendant's motion was approximately January 10, 2008, because of the Christmas and New Year holidays.  On January 15, 2008, this Court entered an Order to Show Cause giving Holmes until January 31, 2008 to show cause why this case should not be dismissed.[6]  The Court also specifically warned Holmes that "a failure to respond will likely result in the dismissal of this case."[7]  And, that such a dismissal may be with prejudice "based upon those reasons outlined in Defendant's motion to dismiss."[8]

Based upon the local rules, Plaintiff's failure to respond and the warning given by this court, the Court RECOMMENDS that this case be DISMISSED.

Finally, the court notes that the arguments forwarded by Defendant in the motion to dismiss are well taken.  The Court finds that Plaintiff cannot establish a prima facie case of retaliation because there is no causal connection between the protected activity and the

---

[5] DUCivR 56-1(b); *see also* DUCivR 7-1(b)(4) (providing an exception for memoranda opposing motions to dismiss).
[6] *See* order to show cause.
[7] *Id.* p. 2.
[8] *Id.*

materially adverse action.[9]  In 2001, Plaintiff voluntarily left the Division of Workforce Service's Cedar City office transferring to another office.  Approximately five years after leaving Plaintiff applied for-and was ultimately denied-a position in the Cedar City Office.  Based upon this application it is apparent that Plaintiff had some desire to return to Cedar City.  But, as previously held by the Tenth Circuit, "'A retaliatory motive may be inferred when an adverse action closely follows [a] protected activity.  However, unless the termination is *very closely* connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation.'"[10]  Thus, in another case, an adverse employment action that occurred only three months after a protected activity was not entitled to a presumption of causation.[11]

Here, Plaintiff alleges she was retaliated against over five years after she complained of the Title VII discrimination before voluntarily leaving the DWR's Cedar City office.  The time gap between Holmes' protected activity and the alleged retaliatory motive are too far apart to establish a casual connection without additional evidence.  And in this case, Plaintiff fails to offer any such additional evidence supporting her assertions.  Accordingly, Plaintiff cannot meet her required burden in establishing a prima facie case of retaliation.[12]

---

[9] *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006).
[10] *Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007) (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (emphasis in original)).
[11] *See Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1183084 (10th Cir. 2002)
[12] *See Argo*, 452 F.3d at 1201.

Based on the foregoing, and for those reasons outlined in greater detail in Defendant's motion to dismiss, the court further RECOMMENDS that Defendant's motion be GRANTED and this case be DISMISSED.

Copies of the foregoing report and recommendation are being sent to all parties who are hereby notified of their right to object. Parties must file any objection to the Report and Recommendation within ten (10) days after receiving it. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 4th day of February, 2008.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge